IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY D. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-956 (GMS) |
| | ) | |
| RENT-A-CENTER EAST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

### I. INTRODUCTION

On December 19, 2008, Jeffrey D. Wright ("Wright") filed this *pro se* civil rights action against his former employer, Rent-A-Center, Inc. ("RAC"), alleging that it violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) *et seq.*, by discriminating against him because of his race. (D.I. 2.) Wright also alleges that RAC has violated the Age Discrimination in Employment Act, and the Delaware Discrimination in Employment Act based upon his race and age.[1] (Id.) Presently before the court is RAC's motion to dismiss for lack of subject matter jurisdiction. (D.I. 6.) For the following reasons, the court will grant the motion.

### II. BACKGROUND

Wright, an African American, is a former employee of RAC, a business located in Milford, Delaware. (D.I. 7 at 3.) Although Wright's Complaint does not state when he began his employment with RAC, on November 16, 2006, he and RAC executed an arbitration agreement (the "Arbitration Agreement"), pursuant to which the parties agreed to arbitrate all claims arising out of

---

[1] As noted in RAC's Brief in Support of its Motion to Dismiss, Wright's complaint focuses solely on the alleged racial discrimination.

his application for employment, employment, and/or termination of employment. (D.I. 7, Ex. A at 1.) On May 1, 2007, RAC terminated Wright's employment. (D.I. 7 at 3.) On June 18, 2007, subsequent to his termination, Wright filed a claim with the Department of Labor of the State of Delaware ("DDOL"). (D.I. 2 at 4.) Wright's charge of discrimination states that, from January 15, 2007 through his termination, his manager, Scott Johnson ("Johnson") – who is Caucasian – subjected him to a hostile work environment. (Id.) More specifically, Wright charged that Johnson made derogatory comments about him and his race, repeatedly asked insulting questions about him, and scrutinized his work files much more closely than similarly situated coworkers who are not in a protected class. (Id.) In a report, dated September 30, 2008, the DDOL found that there was "no reasonable cause to believe that an unlawful employment practice ha[d] occurred." (D.I. 7, Ex. B.) As a result, the DDOL issued a No Cause Determination and Dismissal regarding Wright's claim that he was discriminated against based on his race and/or age. (Id.) In a "Dismissal and Notice of Rights" form, dated December 15, 2008, the EEOC adopted the findings of the DDOL, and gave Wright the ability to sue in federal court. (D.I. 7, Ex. C.)

### III. STANDARD OF REVIEW

An attack pursuant to Federal Rule of Civil Procedure 12 (b)(1) challenges the jurisdiction of the court to address the merits of the complaint. *Lieberman v. Delaware*, No. CIV. A. 96-523 GMS, 2001 WL 1000936, at *1 (D. Del. Aug. 30, 2001). Such a motion may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the sufficiency of jurisdictional fact. *Mortensen v. First Fed. Sav. & Loan*, 439 F.2d 884, 891 (3d Cir.1977) (distinguishing standard governing each type of challenge); *see Lieberman*, 2001 WL 1000936, at *1 (finding facial challenge where defendant did not dispute facts alleged in complaint that supported

court's subject matter jurisdiction). The case at hand presents a facial challenge, because RAC does not attack the merits of Wright's claims. Accordingly, the court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of Wright. *Mortensen*, 549 F.2d at 891.

RAC filed a motion to dismiss for lack of subject matter jurisdiction based on a binding arbitration agreement. (D.I. 7 at 2.) Because the Arbitration Agreement provides the basis for RAC's motion to dismiss, the court may "'engage in a limited review [of the document] to ensure that the dispute is arbitrable'" and, if appropriate, enter an order to compel or enjoin arbitration. *John Hancock Mut. Life Ins. Co.*, 151 F.3d at 137 (quoting *PaineWebber v. Hartman*, 921 F.2d 507, 511 (3d Cir. 1990)).

## IV. DISCUSSION

RAC has moved to dismiss Wright's complaint for lack of subject matter jurisdiction, asserting that Wright has a clear and unambiguous obligation to arbitrate which arose when he executed the Arbitration Agreement. (D.I. 7 at 9.) That is, RAC asserts that Wright signed a valid Arbitration Agreement after it hired him, and that claims arising from his employment or termination, including racial and/or age discrimination are included in the terms of the Arbitration Agreement. (Id. at 9, 11.) Thus, according to RAC, Wright agreed that the Federal Arbitration Act ("FAA") would "govern interpretation, enforcement, and all proceedings pursuant to [the Arbitration] Agreement." (Id. at 3.)

The FAA provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Pursuant to the FAA, the court should stay an action and compel arbitration when, in a pending suit, "any issue is referable to arbitration." 9 U.S.C. §§ 3,4. A district court also has the discretion to dismiss an action if all the issues raised are arbitrable and must be

submitted to arbitration. *See BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 585 (D. Del. 2004) (citing cases).

Before a court can compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (2003), it must determine (1) whether the parties entered into a valid arbitration agreement, and (2) whether the relevant dispute is arbitrable; meaning that it falls within the language of the arbitration agreement. *See John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998) (stating that where a dispute regarding an arbitration agreement is brought before a district court, the scope of the court's authority to become involved is defined by the FAA.). In conducting its review, a court should apply the ordinary principles of contract law. *See* 9 U.S.C. § 2; *First Options of Chi. v. Kaplan*, 514 U.S. 938, 945 (1995) (To determine "whether the parties agreed to arbitrate a certain matter . . . , courts generally . . . should apply ordinary state-law principles that govern formation of contracts.") If a contract contains an arbitration clause, a presumption of arbitrability arises. This presumption may be overcome only if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *See Sharon Steel Corp. v. Jewell Coal & Coke Co.*, 735 F.2d 775, 778 (3d Cir. 1984). In addition, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see First Liberty Inv. Gp. v. Nicholsberg*, 145 F.3d 647, 653 (3d Cir. 1998); *Stateside Mach. Co. v. Alperin*, 591 F.2d 234, 240 (3d Cir. 1979) ("doubtful issues regarding the applicability of an arbitration clause are to be decided in favor of arbitration").

After having considered the submissions, including the language of the Arbitration Agreement that Wright signed, the court concludes that the claims in Wright's complaint fall within the contours of the agreement. As a preliminary matter, the court notes that Wright signed a "Mutual Agreement to Arbitrate Claims" that contains an arbitration clause to which the presumption of arbitrability attaches. Thus, the only question for the court is whether, when applying ordinary principles of contract law, the presumption is overcome. Here, it is not, because the language of the Arbitration Agreement is clear and unambiguous, and states that claims arising out of race and disability discrimination are covered.[2] *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) ("Absent some ambiguity in the agreement, however, it is the language of the contract that defines the scope of disputes subject to arbitration."). Further, according to the plain language of the Arbitration Agreement, the only claims that are not covered by the Arbitration Agreement are those for workers' compensation benefits and unemployment compensation benefits, or claims brought in small claims court. (D.I. 7 Ex. A, at 1.) Thus, in the present case, the court cannot say with positive assurance that the Arbitration Agreement Wright signed is not susceptible of an

---

[2] The Arbitration Agreement provides the following:

    The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present, or future, including without limitation, claims arising out of or related to my application for employment, assignment/employment, and/or the termination of my assignment/employment that the Company may have against me or that I may have against . . . the Company. . . .

    . . . . The claims covered by this Agreement include, but are not limited to . . . tort *claims for discrimination* (including, but not limited to, *race*, sex, sexual harassment, sexual orientation, religion, national origin, *age*, workers' compensation, marital status, medical condition, handicap, or *disability*). . . .

(D.I. 7 Ex. A, at 1) (emphasis added).

interpretation that covers the asserted dispute. *See Sharon Steel Corp.*, 735 F.2d at 758. As such, Wright's discrimination claims are arbitrable.

Dated: November 30, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY D. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-956 (GMS) |
| | ) | |
| RENT-A-CENTER EAST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. RAC's motion to dismiss (D.I. 6) is GRANTED.

2. This case shall be submitted to arbitration under the auspices of the American Arbitration Association, Judicial Arbitration & Mediation Services/Endispute, or any other service to which the parties agree.

3. Wright's claims against RAC are dismissed.

Dated: November 30, 2009

CHIEF, UNITED STATES DISTRICT JUDGE